## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.H., by and through her parents, JOHN and SHIRA HUDSON, | Civil Action No. 24-7311 (MAH) |
| **Plaintiffs,** | |
| v. | |
| MIDDLESEX BOROUGH BOARD OF EDUCATION, DR. ROBERTA FREEMAN, Ed.D., (individually and in her official capacity as Superintendent of Schools); TANIA TAYLOR (individually and in her official capacity as Director of Special Services), AND JENNIFER POWERS (individually and in her official capacity as ADA/504 Coordinator), | **ORDER** |
| **Defendants.** | |

This matter having come before the Court on Plaintiff S.H.'s ("Plaintiff") motion for default judgment, D.E. 5, Defendants Middlesex Borough Board of Education, Dr. Roberta Freeman, Tania Taylor, and Jennifer Powers's (collectively, "Defendants") motion to vacate entry of default and extend the time to answer Plaintiff's Complaint, D.E. 9, and Plaintiff's cross-motion to strike Defendants' answer and for default judgment, D.E. 10;[1]

---

[1] Plaintiff is a female, African American who, from the age of five, received special education and related services under the Individuals with Disabilities Education Act ("IDEA"). *See* Compl., D.E. 1, ¶¶ 25, 48. Plaintiff contends that Defendants "intentionally misidentified [her] as disabled and needing special education and related services." *Id.* ¶ 58. Plaintiff therefore claims Defendants (1) violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) violated Title II of the American with Disabilities Act; and (3) violated Section 1983 of the Civil Rights Act of 1964 (Equal Protection). *Id.* ¶¶ 230-262. Plaintiff seeks (1) "additional educational services designed to remediate deficiencies caused by the misidentification and misplacement into special education and to ensure that she is properly prepared to attend a private college preparatory high school consistent with New Jersey's educational standards"; (2) monetary damages based upon

and Plaintiff seeking default judgment as to Defendants pursuant to Federal Rule of Civil Procedure Rule 55(a), D.E. 5;[2]

and Defendants, in response, seeking to vacate entry of default and extend the time in which to answer Plaintiff's Complaint, D.E. 9;[3]

---

her potential future educational and economic loss as a result of this limited education; (3) monetary damages for "the embarrassment, humiliation, emotional and psychological pain and suffering for being inaccurately evaluated and misidentified as a student with a disability"; and (4) "all attorney's fees and cost for the bringing of this civil action." *Id.* ¶ 263.

[2]  On June 27, 2024, Plaintiff filed her Complaint against Defendants. *See* Compl., D.E. 1. On July 3, 2024, a copy of the Complaint and Summons were served upon Defendant Giordano, Defendant Middlesex Borough Board of Education, Defendant Taylor, and Defendant Powers. And, on July 9, 2024, a copy of the Complaint and Summons were served upon Defendant Freeman. Exhibits of Service, D.E. 3. Plaintiff moved for the Clerk's entry of default on August 20, 2024, D.E. 4, which was granted on August 21, 2024. On September 11, 2024, Plaintiff moved for default judgment against all Defendants. Mot. for Default Judgment, D.E. 5.

First, Plaintiff argues that the Court has subject matter jurisdiction over Plaintiff's cause of action and whether it may exercise jurisdiction over Defendants. Mot. for Default Judgment, D.E. 5, at 5 (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Second, Plaintiff asserts that the entry of default under Federal Rule of Civil Procedure Rule 55(a) was appropriate because Plaintiff certified service of Defendants on July 3, 2024, and July 9, 2024 and no responsive pleading was filed. Mot. for Default Judgment, D.E. 5, at 6. Third, Plaintiff maintains that the defaulting parties are competent persons and/or entities and fit for default judgment. *Id.* Fourth, Plaintiff contends the three causes of action against Defendants are proper. Specifically, Plaintiff claims violations of (1) Section 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794 (2012); (2) Title II of the Americans with Disabilities Act of 1990 § 203, 42 U.S.C. § 12101, § 12133 (2012); and, (3) Section 1983 of the Civil Rights Act of 1964, 42 U.S.C. 1983, and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Id.* at 7-16. Fifth, Plaintiff contends that Defendants have not set forth a meritorious defense, without default judgment Plaintiff would be prejudiced, and Defendants' failure to respond demonstrates their culpability in this matter. *Id.* at 16-17.

[3]  On September 20, 2024, Defendants filed an answer to the Complaint and moved to vacate default. Answer, D.E. 8; Mot. to Vacate Default, D.E. 9. Defense counsel, Mr. D'Jamoos, certifies that he has been in contact with Plaintiff's counsel regarding this matter since October 2023. Cert. of Alexander L. D'Jamoos, Esq. ("D'Jamoos Cert."), D.E. 9, ¶ 3. Mr. D'Jamoos also attests that the parties participated in a mediation on May 23, 2024. *Id.* ¶ 5. Mr. D'Jamoos certifies when he received the Complaint after the matter was formally assigned to him, he contacted Plaintiff's

and Plaintiff having cross-moved to strike Defendants' answer and, again, request default

judgment, D.E. 10;[4]

and Defendants having opposed Plaintiff's cross-motion, D.E. 11;[5]

---

counsel and requested an extension of time to file an answer. According to Mr. D'Jamoos, Plaintiff's counsel disregarded his extension of time and requested the entry of default with the Court. *Id.* ¶¶ 9-10. When he discovered default was entered, Mr. D'Jamoos again called Plaintiff's counsel requesting time to respond. *Id.* ¶¶ 11-14. Defendants contend that they "have not been dilatory, multiple efforts to communicate with Plaintiffs' counsel have not been returned" and "Defendants have meritorious defenses to" the Complaint. *Id.* ¶¶ 12-13.

[4] On September 30, 2024, Plaintiff opposed Defendants' motion to vacate entry of default and cross-moved to strike Defendants' answer and enter default judgment. Cross-Mot. to Strike Answer and to Enter Default Judgment, D.E. 10. Plaintiff contends that Defendants' filings violate local rules and failed to demonstrate "excusable neglect" because any delay in responding to the Complaint was caused by defense counsel's mistake or lack of due diligence. *Id.* at 8-9. Further, Plaintiff argues that because defense counsel has represented Defendants since at least 2022, any delay in responding to the Complaint is due to Defendants' and defense counsel's lack of communication. *Id.* at 12. In other words, Plaintiff asserts that there is not a justifiable reason for the delay considering Defendants and defense counsel were already in communication with one another about this matter when the Complaint was filed. *Id.* Plaintiffs also contend that Defendants failed to comply with the brief requirements of Local Civil Rule 7.1(d)(4) in their motion to vacate default and failed to include "a statement that no brief is necessary." *Id.* at 7. Finally, Plaintiffs argue that Defendants failed to file a formal motion for an extension of time to answer, thus Defendants answer should be stricken. *Id.*

[5] On October 21, 2024, Defendants opposed Plaintiff's cross-motion. Defs.' Opp'n to Cross-Mot., D.E. 11. Defendants argue that they have a meritorious defense to Plaintiffs' allegations. *Id.* at 3. Specifically, Defendants contend that Plaintiff will need to prove that multiple evaluations of Plaintiff were intentionally biased against her. *Id.* Further, Defendants contend that "a student does not have a cause of action for simply having an [individualized education program] instead of a 504 plan." *Id.* at 4. Defendants also assert that Plaintiff will suffer no prejudice because of the delayed filing of their answer. *Id.* Defendants contend that their answer was only 52 days delayed. *Id.* Further, Defendants argue that Plaintiff's contention that she is having difficulty attending school with "looming litigation" is undercut by the fact that this litigation has been ongoing, at least informally, since 2022. *Id.* at 4-5. Defendants contend that they were not responsible for any culpable conduct because they did not knowingly or recklessly refrain from participating in this matter. *Id.* at 5. Defendants contend that Plaintiff's Complaint is extensive, as it is 38-pages long with 263 densely plead paragraphs. In responding to the Complaint, defense counsel needed to consult with teachers and educators who were difficult to reach given the timing of the Complaint's filing. Further, Defendants attempted to gain Plaintiff's consent to have a reasonable extension of time. *Id.* at 6-7. Thus, Defendants contend

and Plaintiff having replied, D.E. 12;[6]

and the Court having considered the papers in support of, and in opposition to the instant motions, the record, and the applicable law;

and the Court having decided the motion without oral argument pursuant to Federal Rules of Civil Procedure 78 and Local Civil Rule 78.1;

and Federal Rule of Procedure 55(c) providing, in part, that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b);"

and the decision to set aside an entry of default being primarily left to a court's own sound discretion, *see United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984);

and courts disfavoring default because "the interests of justice are best served by obtaining a decision on the merits," *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 173 (E.D. Pa. 2000); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95 ("We

---

that Plaintiff will not be prejudiced and that the circumstances of this matter do not justify default judgment or striking their answer. *Id.* at 7.

[6] On October 28, 2024, Plaintiff filed a reply. Pl.'s Reply, D.E. 11. Plaintiff contends that Defendants' opposition is facially unmeritorious because it lacks the requisite specificity to determine if there are any meritorious defenses. *Id.* at 2-4. Further, Plaintiff argues that Defendants' allegation that they devoted significant time and effort to provide Plaintiff the necessary education does not constitute a meritorious defense because the time and effort expended is the root of the injury Plaintiff claims. *Id.* at 6. Indeed, Plaintiff contends that the resources expended were improper and not suitable for her actual needs. *Id.* at 7. Plaintiff argues that the thirty-two separate defenses Defendants aver are merely for purpose of avoiding waiver and are not specific enough to amount to a meritorious defense. *Id.* at 7-10. Plaintiff argues that Defendants have not met their burden of showing the absence of prejudice to Plaintiff. *Id.* at 11. Specifically, Plaintiff contends that the on-going harm of being misidentified as a child with a disability and having the instant civil action ongoing exacerbates that harm. *Id.* at 12. Finally, Plaintiff contends that Defendants willfully failed to file an answer. *Id.* at 12-13.

require doubtful cases to be resolved in favor of the party moving to set aside the default

judgment 'so that cases may be decided on their merits.'");

and the United States Court of Appeals for the Third Circuit requiring that courts

consider the following four factors when deciding to vacate the entry of default: (1) whether

lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie*

meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and

(4) the effectiveness of alternative sanctions, *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d

Cir. 1987);

and, even though courts weigh all four factors, the threshold question is generally

whether Defendant asserts a meritorious defense, *see $55,518.05 in U.S. Currency*, 728 F.2d at

195;

and the Court finding that Defendants have asserted that they have meritorious defenses;[7]

---

[7] Whether defendant asserts a meritorious defense is traditionally the most important factor. *See Paris v. Pennsauken Sch. Dist.*, No. 12-7355, 2013 WL 4047638, at *2 (D.N.J. Aug. 9, 2013). Meritorious defenses require more than general denials of the pending claims; indeed, a defendant must "set forth with some specificity the grounds for his [or her] defense." *Harad v. Aetna Casualty & Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988). Typically, a party establishes a meritorious defense where "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *see also World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012). However, the Court is not required to resolve legal issues. *See Emcasco*, 834 F.2d at 74. Rather, a proffered defense is sufficient if it is not facially unmeritorious. *See id.*

Plaintiff brings the instant action against Defendants, claiming that Defendants "intentionally misidentified [her] as disabled and needing special education and related services." *See* Compl., D.E. 1, ¶ 58. Plaintiff therefore claims Defendants (1) violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (2) violated Title II of the American with Disabilities Act; and (3) violated Section 1983 of the Civil Rights Act of 1964 (Equal Protection). *Id.* ¶¶ 230-262. Plaintiff seeks both monetary relief and for additional educational support for the damage caused by Defendants' misidentification of Plaintiff.

Defendants' counsel, Mr. D'Jamoos, maintains that Defendants have meritorious defenses. Defendants specifically state that Plaintiff must prove that multiple evaluations of Plaintiff were

and the Court also finding that vacating the entry of default will not prejudice Plaintiff;[8]

and the Court further finding that Defendants did not default because of any culpable

conduct;[9]

and the Court further finding that it need not impose alternative sanctions, including

striking Defendants' answer;[10]

---

intentionally biased and that "a student does not have a cause of action for simply having an [individualized education program] instead of a 504 plan." Defs.' Opp'n to Cross-Mot., D.E. 11, at 3-4.

[8] Courts have explained that prejudice "only accrues due to a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *See Paris*, 2013 WL 4047638, at *3. Here, Plaintiff will not be prejudiced, as discovery has not yet begun in this matter.

[9] In general, culpable conduct includes "actions taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting that culpable conduct includes acts "intentionally designed to avoid compliance with court notices [and reckless] disregard for repeated communications from plaintiffs and the court.").

The Court does not find any evidence of bad faith on the part of Defendants. Mr. D'Jamoos has certified that he was in communication with Plaintiff's counsel regarding this matter since approximately 2022. D'Jamoos Cert., D.E. 9, ¶¶ 3-5. Mr. D'Jamoos states he was never informed of the filing of the Complaint and upon discovery of the filing, he requested an extension of time to answer given the length and complexity of the pleadings. *Id.* ¶¶ 9-14. Defendants have not been dilatory and have demonstrated that they have attempted to actively participate in this litigation.

[10] The Court notes that the extreme remedy of striking Defendants' answer is inappropriate based upon the record. *See Madjar v. New Jersey Dep't of Corrections,* No. 92-5265, 1993 WL 152066, at *2 (D.N.J. Apr. 5, 1993) (stating that "motions to strike a portion of a pleading are a drastic remedy and have a potential to be used as a dilatory tactic, they are generally viewed with disfavor"). While "motions to strike 'serve a useful purpose by eliminating insufficient defenses and saving the time and expense which otherwise be spent in litigating issues which would not affect the outcome of the case.'" *United States v. Framer*, 757 F.Supp. 397, 410 (D.N.J. 1991) (quoting *United States v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D. Pa. 1989)). However, the Third Circuit has cautioned against granting "a motion to strike a defense unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.Supp 181, 188 (3d Cir.1986). "[A] motion to strike an affirmative defense will not be granted where its sufficiency depends on disputed issues of fact." *Signature Bank,* 2013 WL 3286154, at *2

and, therefore, the Court concluding that good cause exists to set aside the entry of default and permit the filing of Defendants' answer;

and, further, because entry of default is a prerequisite to default judgment, *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008); *see also* Fed. R. Civ. P. 55(a), and the Court has vacated entry of default, Plaintiff's requests for default judgment are denied;

**IT IS on this 27th day of January 2025;**

**ORDERED** that Plaintiff's motion to enter default judgment, D.E. 5, is **DENIED**; and it is further

**ORDERED** that Defendants' motion to vacate default and permit the filing of an answer is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion to strike Defendants' answer and enter default judgment, D.E. 10, is **DENIED**.

*/s/ Michael A. Hammer*
**United States Magistrate Judge**

---

(citing *Total Containment, Inc. v. Environ Products, Inc.,* No. 91-7911, 1992 WL 208981, at *1 (E.D.Pa. Aug. 19, 1992)); *see also In re Merck & Co., Inc. Vytorin ERISA Litig.*, No. 08-1974, 2010 WL 2557564, at *2 (D.N.J. June 23, 2010).

Here, although Defendants do not plead every single fact that could support the affirmative defense, Defendants provide enough information to give adequate notice to Plaintiff of each affirmative defense. Defendants need not expand upon every possible theory to support their affirmative defenses at this time. Indeed, Defendants' affirmative defenses provide notice of defenses that may be developed through factual discovery. *See All. Indus. Ltd. v. A-1 Specialized Servs. & Supplies, Inc.*, No. 13-2510, 2014 WL 4548474 (E.D. Pa. Sep. 11, 2014).

This Court will permit Defendants' answer to remain on the docket, so that this case can be decided on the merits in line with Third Circuit precedent. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194-95.